```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MD KAMRUL HOSSAIN,                              :
                                                :
                Plaintiff,                      :
                                                :
        -against-                               :     MEMORANDUM AND ORDER
                                                :     22-CV-5124(DLI)(MMH)
PORTFOLIO RECOVERY ASSOCIATES, LLC,             :
EXPERIAN INFORMATION SOLUTIONS, INC.            :
and TRANS UNION, LLC,                           :
                                                :
                Defendants.                     :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On July 22, 2022, MD Kamrul Hossain ("Plaintiff") filed this action in New York City Civil Court, Queens County ("state court"), against Portfolio Recovery Associates, LLC ("PRA"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (collectively, "Defendants")[1] alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380, *et seq.*, in connection with purported inaccuracies on Plaintiff's credit report. *See*, Compl., Dkt. Entry No. 1-2. On August 1, 2022, Defendants properly removed the action to this Court invoking its subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d). *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1. The Court has supplement jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

On November 11, 2022, Experian filed a letter requesting a premotion conference in anticipation of moving for judgment on the pleadings, which the Court deemed to be the motion.

---

[1] On January 18, 2023 and September 5, 2023, Defendants Trans Union and PRA, respectively, were dismissed from this action after settling with Plaintiff. *See*, Electronic Orders dated January 18, 2023 and September 5, 2023.

*See*, Experian's Mot. on the Pleadings ("Mot."), Dkt. Entry No. 14. Plaintiff opposed the motion. *See*, Pl.'s Opp. to Experian's Mot. ("Opp."), Dkt. Entry No. 19. Experian replied. *See*, Reply, Dkt. Entry No. 21. The parties supplemented their papers with letters in light of two recent Second Circuit decisions and one district court decision. *See*, Experian's Letter dated January 5, 2023 ("Jan. 5 Letter"), Dkt. Entry No. 22; Plaintiff's Letter dated January 11, 2023 ("Jan. 11 Letter"), Dkt. Entry No. 23; Plaintiff's Letter dated July 17, 2023 ("July 17 Letter"), Dkt. Entry No. 31; Experian's Letter dated July 19, 2023 ("July 19 Letter"), Dkt. Entry No. 32; Experian's Letter dated September 18, 2023 ("Sept. 18 Letter"), Dkt. Entry No. 36.

For the reasons set forth below, Experian's motion for judgment on the pleadings is granted and this action is dismissed with prejudice.

## BACKGROUND

At an unspecified date, Plaintiff was subjected to debt collection efforts from PRA for an alleged consumer debt on behalf of an unnamed third party. Compl. at ¶ 20. PRA, a debt collector, also furnishes information to credit reporting agencies ("CRAs") like Experian and Trans Union. *Id*. at ¶¶ 16, 19. On June 29, 2021, Plaintiff sent a cease-and-desist letter to PRA regarding the alleged consumer debt, but received debt collection letters on July 13, 2021, November 10, 2021, and December 9, 2021. *Id*. at ¶¶ 23, 25, 27. PRA's letters stated that the statute of limitations had expired on the debt. *Id*. at ¶ 28. Accordingly, Plaintiff ran his Experian and Trans Union credit reports and noticed that PRA was reporting this debt to both CRAs. *Id*. at ¶ 29. However, PRA did not report to the CRAs that the statute of limitations had expired. *Id*.

On July 21, 2021, October 14, 2021, and November 20, 2021, Plaintiff wrote to Experian disputing the PRA account on his credit report because the statute of limitations purportedly had expired. *Id*. at ¶¶ 34, 36, 38. In each letter, Plaintiff requested that the expiration of statute of limitations be reflected or the debt be removed entirely and attached debt collections letters from

PRA stating that the statute of limitations had expired on the PRA account. *Id*. After Experian received each dispute letter from Plaintiff, it provided Plaintiff with dispute results explaining that the PRA account was reported accurately, but did not report that the statute of limitations purportedly had expired. *Id*. at ¶¶ 35, 37, 39.

## LEGAL STANDARD

### I.   Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard applicable to motions for judgment on the pleadings is the familiar one under Fed. R. Civ. P. 12(b)(6). *See, King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002).

To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### II.  Claims under the FCRA

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Accordingly, CRAs are required to "follow reasonable procedures to assure maximum possible accuracy of the information" contained within a consumer's credit report. 15 U.S.C. § 1681e(b).

3

To prevail against a CRA in an action brought under § 1681e(b), the plaintiff-consumer must establish that the challenged report is inaccurate.[2] *See, Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 92 (2d Cir. 2021). Additionally, section 1681i requires that "if a consumer notifies a consumer reporting agency—either directly or indirectly [through a reseller]—of a dispute as to the accuracy of any item of information contained in his file, within thirty days of notification, the consumer reporting agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Khan v. Equifax Info. Servs., LLC*, 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019) (internal quotation mark and citation omitted).

"In considering a challenge under § 1681e(b) or §1681i, the threshold question is whether the disputed credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedure is necessary." *Artemov v. TransUnion, LLC*, 2020 WL 5211068, at *2 (E.D.N.Y. Sept. 1, 2020) (internal quotation marks and citation omitted). Plaintiff's claim under N.Y. Gen. Bus. Law § 380-f(a) is the state equivalent of § 1681i while N.Y. Gen. Bus. Law § 380-j(e) is the state equivalent of § 1681e(b), which "must be construed the same way" as their federal analogues. *Ogbon*, 2013 WL 1430467, at *7 fn. 6, *9 fn. 7.

## III.  Accuracy under the FCRA

Recently, the Second Circuit held that assessing "accuracy" under the FCRA "requires a focus on *objectively and readily verifiable information*[,]" which prevents a plaintiff-consumer from bringing an FCRA claim when the purported inaccuracy is premised on an unresolved legal question. *Mader v. Experian Information Solutions, Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (emphasis added). The *Mader* court held that the plaintiff-consumer in that case had "failed to

---

[2] While the Complaint does not list a cause of action under 15 U.S.C § 1681e(b), the Court reads this claim into the Complaint because Plaintiff has asserted the state equivalent that is analyzed the same way. *See*, *Ogbon v. Beneficial Credit Servs., Inc.*, 2013 WL 1430467, at *7 fn. 6 (S.D.N.Y. Apr. 8, 2013).

allege an inaccuracy" since the alleged inaccuracy turned on an "unresolved legal question regarding" treatment of his educational loan. *Id*. at 270 (explaining that "this holding does not mean that credit reporting agencies are never required by the FCRA to accurately report information derived from the readily verifiable and straightforward application of law to facts").

Soon after *Mader* was decided, the Second Circuit clarified its decision holding that, while *Mader* remains good law, "there is no threshold inquiry [required] under the FCRA as to whether any purportedly inaccurate information is legal or factual in nature." *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023) ("The question of whether a debt is objectively and readily verifiable will sometimes, as it did in *Mader*, involve an inquiry into whether the debt is the subject of a legal dispute.").

## DISCUSSION

Experian moves for judgment on the pleadings on the ground that Plaintiff has failed to allege the threshold requirement of an inaccuracy in Experian's reporting. *See*, Mot. at 1. Plaintiff counters that, by failing to disclose on his credit report that the statute of limitations for subject debt had elapsed, Experian created "a materially misleading impression for credit grantors and other users of the credit report that PRA can sue to collect the alleged debt" and this inaccuracy violates the FCRA. due to this inaccuracy. *See*, Opp. at 2, 4. However, the Second Circuit's recent holdings in *Mader and Sessa* discussed above prove fatal to Plaintiff's argument and Experian is entitled to judgment on the pleadings.

It follows under *Mader* and *Sessa*, that CRAs are not required to adjudicate intricate issues, legal or otherwise, to ensure the accuracy of a consumer's credit report. Instead, CRAs must focus on straightforward, objectively and readily verifiable information when conducting its investigations under the FCRA to ensure accurate credit reports. *Sessa,* 74 F.4th 38, 43; *Mader*, 56 F.4th 269-70.

5

For example, the plaintiff-consumer in *Sessa* had a vehicle lease that gave him "the option to purchase" at the end of the lease term for $19,444.07, but the information furnished to the CRA reported that the plaintiff had a forthcoming balloon payment of $19,444.00. *Sessa*, 74 F.4th at 41. Clearly, it was objectively and readily verifiable from the lease's plain language that the plaintiff was not required to make a balloon payment, which, therefore, was represented inaccurately on the credit report. *Id.* at 43, fn 7.

Here, while PRA's letter states that the statute of limitations has elapsed, such conclusion and the purported inaccuracy on Plaintiff's credit report, is not objectively and readily verifiable. Under New York law, a debt collector must include a statute of limitations disclosure in its correspondence when it "knows or has reason to know that the statute of limitations for a debt *may be expired*, before accepting payment on the debt[.]" N.Y. Comp. Codes R. & Regs. T. 23, § 1.3 (emphasis added). However, as discussed below, PRA's statement is not a definitive finding, and Experian was not required to report that the statute of limitations may have expired.

The statute of limitations of a debt is an affirmative legal defense that a consumer may decide to invoke or waive. *See*, *Bank of New York Mellon v. WMC Mortg., LLC*, 53 Misc. 3d 967, 975 (N.Y. Sup. Ct. N.Y. Co. 2016). Even if the statute of limitations has expired, it may restart depending on certain actions by the debtor. *See, e.g., Hakim v. Hakim*, 99 A.D.3d 498, 501 (1st Dept. 2012) (explaining that time barred breach of contract claim can be revived under New York law when the debtor recognizes the existing debt in writing and says nothing inconsistent with the debtor's intent to pay it). Other considerations include whether the statute of limitations has been tolled, *Batavia Townhouses, Ltd. v. Council of Churches Hous. Dev. Fund Co., Inc.*, 38 N.Y.3d 467, 472-73 (2022), and choices of law. *Cf.*, *Herrell v. Chase Bank USA, N.A.*, 218 F. Supp.3d 788, 793 (E.D. WIS. 2016) (highlighting a dispute between the parties regarding the applicable state law for the purpose of the statute of limitations in an FCRA matter). These intricacies

demonstrate that it is not objectively and readily verifiable for a CRA, like Experian, to determine whether that the statute of limitations has elapsed because it does not involve a "straightforward application of law to facts." *Mader*, 56 F.4th at 270; *See also*, *2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.*, 717 F. App'x 35, 37 (2d Cir. 2017) (noting that a statute of limitation analysis involves fact intensive inquiries).

As noted by Experian, it is the role of a court, and not a CRA or any other entity, to determine the validity of a statute of limitations. *See, Mader*, 56 F.4th at 271 (explaining that only sufficiently settled legal questions may require CRAs to reflect the implications of that decision on credit reports); *See also*, *United States v. Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013) ("[A] statute of limitations argument is an affirmative defense for which [the invoking party] bears the burden of proof."). To find otherwise would usurp the role of judiciary to decide legal issues. *See*, *Mader*, 56 F.4th at 271 ("What the FCRA does not require [ ] is that credit reporting agencies resolve unsettled legal questions[.]"); *See also*, *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) ("CRAs are not a tribunal sitting to resolve legal disputes."). Accordingly, Plaintiff's claim is not cognizable under the FCRA because the question of whether the statute of limitations has elapsed is an unresolved legal question requiring legal reasoning based on factual analysis and, consequently, is "not objectively and readily verifiable." *Seesa* 74 F.4th at 43; *Mader*, 56 F.4th at 269-70; *See also, Sanchez v. JPMorgan Chase Bank, N.A.*, 2023 WL 6049978, at *4-5 (D. CT. Sept. 15, 2023) (reaching the same conclusion on a similar set of facts and noting that "no other court has concluded that the FCRA requires furnishers and CRAs to report the expiration of the statute of limitations on a debt.").

Even assuming that the validity of the statute of limitations was objectively and readily verifiable, which it was not, Plaintiff's credit report is not inaccurate or materially misleading. First, the statute of limitations under New York law "does not extinguish the underlying liability"

7

or "affect the existence of the obligation itself." *Bank of New York Mellon*, 53 Misc. 3d at 975 (citing *Faison v. Lewis*, 25 N.Y.3d 220, 233 (2015)). Indeed, "'[m]erely listing a past due balance—an undisputed legal obligation—for a charged off account … is quite different than incorrectly reporting a future monthly responsibility when such requirement no longer exists.'" *Ostreicher v. Chase Bank USA, N.A.*, 2020 WL 6809059, at *5 (S.D.N.Y. Nov. 19, 2020). Thus, courts in this Circuit have found that "statute-of-limitations-based disputes challeng[ing] only [the furnisher's] ability to obtain a judicial remedy for the outstanding debt, *not the factual accuracy of the size or existence of the debt itself*[,]" are not cognizable under the FCRA. *Holland v. Chase Bank USA, N.A.*, 475 F. Supp.3d 272 (S.D.N.Y. 2020) (emphasis added); *See also*, *Mohnkern v. Equifax Info. Servs., LLC*, 2021 WL 5239902, at *6 (W.D.N.Y. Nov. 10, 2021) (holding that "plaintiffs' legal defense to payment of the [d]ebt under Georgia contract law does not render the [d]ebt 'inaccurate' for purposes of their" FCRA claim); *Artemov* 2020 WL 5211068, at *5–6 (finding that it is not inaccurate to report charged off accounts since the purpose of a credit report is "to present an evenhanded and fair representation of a particular consumer's ability and willingness to pay off debt, so as to encourage a creditor to take a risk and extend a line of credit to a particular consumer.").

Moreover, as the court in *Sanchez* articulated, credit reports typically include dates helpful in assessing the application of a statute of limitations. 2023 WL 6049978, at *5. Consequently, even if determining the statute of limitations was a "straightforward application of law to the facts" that only required an inspection of dates, Plaintiff's credit report would not be materially misleading because a reader could ascertain that the debt might be time barred based upon the passage of time. *Id*.

Finally, Plaintiff is not without recourse to address the purported misimpression for which he seeks remedy here because consumers who believe that the statute of limitations of their debt

8

has expired can file an explanatory statement to be reported with their disputed debt pursuant to FCRA § 1681i(b) and N.Y. Gen. Bus. Law § 380-f(c). Thus, Plaintiff can utilize this avenue to expel any "misleading impression that PRA can still sue to collect for the balance." Opp. at 2.

### Futility of Amendment

It is well established in this Circuit that a district court may preclude a plaintiff from filing an amended complaint when doing so would be futile. *See, Liu v. Intercept Pharms., Inc.*, 2022 WL 2165621, at *4 (2d Cir. June 16, 2022). Here, since Plaintiff's claim is not cognizable under the FCRA and there is no inaccuracy in Plaintiff's credit report, any amendment would be futile and, thus, Plaintiff is precluded from amending the complaint. *See, Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

### CONCLUSION

For the reasons set forth above, Experian's motion for judgment on the pleadings is granted and this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       September 21, 2023

/s/
DORA L. IRIZARRY
United States District Judge
